## HUDNUT v. LAFAYETTE HOMINY MILLS and others.[1]

*(Circuit Court, D. Indiana. February 22, 1886.)*

1. PATENTS FOR INVENTIONS—HOMINY MILLS.

In a suit on reissued letters patent No. 10,057, of March 7, 1882, to Theodore Hudnut, it was shown that one of the alleged infringing machines was made in accordance with an earlier patent, and therefore *held* that such machine was not an infringement.

2. SAME—REISSUE WITH ENLARGED CLAIMS.

It is not competent for a patentee, by a reissue of his patent, procured after a delay of more than 10 years, to so enlarge the scope of his invention as to cover devices, patented in the mean while, which were not embraced in the original.

In Equity.

*C. P. Jacobs,* for complainant.

*McDonald, Butler & Mason,* for defendants.

WOODS, J. Suit for infringement of reissued letters patent No. 10,057, issued to the complainant, for an improvement in hominy mills, March 7, 1882. Besides denying the novelty of the complainant's invention and the validity of his reissued letters, the defendants also deny infringement.

There are two machines, somewhat different from each other, which the defendants are shown to have made or used, and which constitute the alleged infringements. One of these is known in the record of the case as the "Sinker-Davis Machine," and the other as the "Burns Machine." The first-named machine, in the particulars in which infringement is alleged, is made in substantial conformity with letters patent No. 57,605, dated August 28, 1866, issued to J. A. Welsh, and therefore cannot be regarded as an infringement of complainant's patent, which was issued some years later. The other machines in question are shown to have been made in conformity with letters patent No. 247,882, issued to Edward R. Burns, and dated October 4, 1881. This date is earlier than that of the reissued letters sued upon, but later than the dates of complainant's original letters and the first reissue; the original letters being dated December 26, 1871, and the first reissue, (numbered 5,520,) bearing date March 22, 1873.

Now, conceding their validity as inventions, it seems to me quite evident that the Burns patent, or a machine made under it, does not infringe any claim, either of the original letters of the complainant or of the first reissue, because the combination specified in each claim thereof included the "arms, I," which are not found in the Burns device. The third and fourth claims of the second reissue, however, omit all express reference to the "arms, I," and the question arises whether or not these claims are valid, and have been infringed by the defendants.

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

By the dates already given, it appears that this reissue was taken more than ten years after the date of the original letters, and nearly nine years after the date of the first reissue, and some months after the granting of the Burns patent. The complainant's original invention and first reissue, as I construe them, not only embraced in every claim the "arms, I," but, by force of the specifications, were confined to a particular mode of adjustment; that is to say:

"The cutters, which consist of steel plates, G, with the inner point of the cutting edges, H, projecting over a true circle struck from the axis of the shaft, are bolted to the arms, I, between them, and these arms are bolted to the lugs, F, on the plates, being laid across said plates tangentially," etc.

And in the first reissue it was added that "these holders [arms, I] constitute part of the cutters, and act, by reason of their curved shape, very effectively, in connection with the stationary cutters of the case, in cutting or breaking grain." Other effects and benefits of this adjustment are shown in evidence. Besides omitting the arms or holders entirely, the knives in the Burns device were so shaped, and fastened directly to the lugs in such manner, as to accomplish, in some particulars, directly opposite results or effects to those of the complainant's machine.

Upon this state of facts, I do not think it was competent for the complainant, by a second reissue of his patent, procured after so long a delay, to so enlarge the scope of his invention as to cover devices, patented in the mean while, which were not embraced in the original letters.

Bill dismissed for want of equity.